## Gordon & Gordon
### Attorneys at Law

108-18 Queens Blvd., 6th Floor
Forest Hills, N.Y. 11375

Phone: (718) 544-7070
Fax:    (718) 544-0994

Peter S. Gordon, Esq.
Maris R. Gordon, Esq.

www.gordonesq.com

October 25, 2010

<u>Via Hand Delivery & ECF</u>
Hon. Justice Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Isabella & Grujovski v. J. Francois Eid, MD.
      Docket No.: 09-CV-5903

Hon. Justice Buchwald,

 Plaintiffs oppose defendant's motion for summary judgment based on the continuous treatment, that the prescription of a narcotic on January 7, 2007 is treatment within the meaning of the law and thus the action was timely commenced.

 Dr. Eid prescribed a narcotic and Schedule III controlled substance, Vicodin, to Mr. Isabella without examining him. A Physician has an exemption from criminal liability from the diversion of prescription medications, Penal Law 178.05 provided acting in good faith in the lawful course of his or her Profession" The issue is whether the doctor was acting in good faith when he authorized a narcotic to Mr. Isabella, after he had operated upon him and failed to observe an extra reservoir bag. Dr. Eid upon discovery of the foreign object, then was kind enough to remove it and send Mr. Isabella on his way. However the patient did not go away and sought out his physician to alleviate the pain, the reason for his initial visit. Dr. Francois Eid is a renown urologist.

 Similar to the argument made by Defendant's motion for summary judgment, In re: Rezulin Products Liability Litigation, 2003 WL 22339176 (S.D.N.Y.) (2003), "Dr. Duke argues that he is entitled to dismissal because the prescription of a drug is a single

act under *Tullock v. Eck*, 311 Ark. 564, 845 S.W.2d 517 (1993)." However this Court maintained that "the *Tullock* court reaffirmed the view taken in *Lane*, viz. that 'the continuous treatment doctrine becomes relevant when the medical negligence consists of a negligent act followed by a continuing course of treatment for the malady which was the object of the negligent treatment or act.' 311 Ark. at 570, 845 S.W.2d at 521." See re: Rezulin Products Liability Litigation, 2003 WL 22339176 (S.D.N.Y.) (2003). The January 7, 2007 prescription was written as a result of the pain endured by Plaintiff due to the medical malpractice of Dr. Eid, ie the failure to detect the foreign object.

Due to the circumstances under which and the purposes for which Dr. Eid prescribed Vicodin, Plaintiffs argue that the continuous treatment doctrine applies to this case. As such, the commencement of this action on June 26, 2005 was timely.

Pursuant to your rules, we are enclosing herewith two courtesy copies of Plaintiffs opposition to defendant's motion for summary judgment.

    Respectfully submitted,
    Gordon & Gordon, PC

    /s/ Peter S. Gordon, Esq.


    Peter S. Gordon, Esq.


cc:    Stewart G. Milch, Esq.
    Martin Clearwater & Bell, LLP
    220 East 42nd Street