SGM/SGM
00095-081486

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHRISTOPHER ISABELLA and
NATASHA GRUJOVSKI,

                              Plaintiffs,

            Case No.
  -against-                            09-CV-5903 (NRB)

J. FRANCOIS EID, M.D.,

                              Defendant.
------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Of Counsel:
*Jeff Lawton*
*Michael E. Gallay*
*Stewart G. Milch*

# TABLE OF CONTENTS

Page

TABLE OF CASES AND OTHER AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    *Plaintiffs have not Established that Further Treatment was Contemplated by both Mr. Isabella and Dr. Eid* ................................................................ 2

    *Preparation of Letters to a Workers' Compensation Board is Insufficient to Establish Continuous Treatment for Statute of Limitations Purposes* ................................................................................................... 3

    *Dr. Eid's Prescription of Vicodin did not Constitute Treatment for Statute of Limitations Purposes* ................................................................................... 5

    *PJI 2:149 does not Mandate Denial of Dr. Eid's Motion* ................................................. 6

CONCLUSION .......................................................................................................................... 7

# TABLE OF CASES AND OTHER AUTHORITIES

Page

**CASES**

*Allende v. New York City Health & Hospitals Corp.,*
90 N.Y.2d 333 (1997) ..................................................................................................2

*Brecka v. Dolan,*
191 A.D.2d 862 (3d Dep't 1993) ..................................................................................3

*Kent v. 534 E. 11th St.,*
___ A.D.3d ___, 2010 NY Slip Op 07697 (1st Dep't 2010) .......................................4

*Klotz v. Rabinowitz,*
252 A.D.2d 542 (2d Dep't 1988) ..................................................................................5

*Massie v. Crawford,*
78 N.Y.2d 516 (1991) ..................................................................................................3

*Mattera v. Capric,*
54 A.D.2d 827 (2d Dep't 2008) ...................................................................................2

*Richardson v. Orentreich,*
64 N.Y.2d 896 (1985) ..................................................................................................3

*Sanchez v. Orozco,*
178 A.D.2d 391 (1st Dep't 1991) .............................................................................5, 6

*Stilloe v. Contini,*
190 A.D.2d 419 (3d Dep't 1993) ..................................................................................6

*Young v. Richards,*
26 A.D.3d 249 (1st Dep't 2006) ...................................................................................2

**OTHER AUTHORITIES**

Prince, Richardson on Evidence § 8-219 [Farrell, 11th ed.] .............................................4

SGM/SGM
00095-081486

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHRISTOPHER ISABELLA and
NATASHA GRUJOVSKI,

                               Plaintiffs,

              -against-

J. FRANCOIS EID, M.D.,

                               Defendant.
------------------------------------------------------------------x

Case No.
09-CV-5903 (NRB)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT[1]

This memorandum of law is respectfully submitted in further support of Dr. Eid's summary judgment motion and in reply to plaintiffs' memorandum of law in opposition to defendant's motion. Plaintiffs advance three principal arguments in opposition to Dr. Eid's motion: (i) that Dr. Eid's preparation of a letter to the Workers' Compensation Board is evidence of continuous treatment;[2] (ii) that Dr. Eid's isolated prescription of Vicodin in January 2007 constituted "treatment" for statute of limitations purposes;[3] and (iii) that the New York Pattern Jury Instructions require questions regarding continuous treatment to be decided by a jury.[4] Although it is true, as plaintiffs note, that "a prescription may extend the [doctor-patient] relationship until the expiration of the prescription,"[5] that statement is not universally true and

---

[1] References herein will be to the Declaration of Stewart G. Milch, Esq. ("Milch Dec., Exhibit ___.") and plaintiffs' Memorandum of Law in Opposition (10/22/10 Gordon MOL, p.___).
[2] 10/22/10 Gordon MOL, p. 5.
[3] Id., pp. 6-8.
[4] Id., pp. 8-9.
[5] Id., p. 1.

SGM/sgm
1532626_1.DOC

must be read in conjunction with interpretative case law. Here, because neither the record nor the relevant case law supports any of plaintiffs' arguments, Dr. Eid's summary judgment motion should be granted.

*Plaintiffs have not Established that Further Treatment was Contemplated by both Mr. Isabella and Dr. Eid*

In order for the continuous treatment doctrine to apply, plaintiff must establish that further treatment is anticipated by <u>both</u> physician and patient. *Allende v. New York City Health & Hospitals Corp.*, 90 N.Y.2d 333, 338 (1997). Plaintiffs' counsel's "Statement of Facts" claims that although Mr. Isabella explicitly acknowledged during his deposition that "there was never any talk about further treatment," what he really meant was that there was never any talk about further surgery.[6] But counsel has not offered either the affidavit of Mr. Isabella or an errata sheet from his deposition transcript to support his interpretation of his client's testimony. This is patently insufficient to create a question of fact regarding continuous treatment. *See, e.g. Mattera v. Capric*, 54 A.D.3d 827 (2d Dep't 2008); *Young v. Richards*, 26 A.D.3d 249 (1st Dep't 2006).

In any event, the cited portions of Mr. Isabella's self-serving testimony find no support elsewhere in the record. His testimony that he may have seen Dr. Eid "once or twice" after the December 2004 surgery is true only to the extent that he returned for one follow-up visit in January 2005. Dr. Eid's office records conclusively demonstrate that Mr. Isabella was seen for only one follow-up visit, and plaintiffs have not pointed to any contrary evidence. And, to the extent plaintiffs claim that Dr. Eid continued to supply medication and treat Mr. Isabella for an infection, the record is similarly bereft of any evidence to support that contention. In fact, Dr. Eid's office records, taken together with plaintiff's CVS pharmacy records, demonstrates that plaintiff was not seen by Dr. Eid after January 6, 2005 and that the only prescriptions filled in

---

[6]   *Id.*, p. 3.

New York were those written by Dr. Laiken.[7] Defendant's motion should be granted for this reason alone.

*Preparation of Letters to a Workers' Compensation Board is Insufficient to Establish Continuous Treatment for Statute of Limitations Purposes*

Plaintiffs next contend that Dr. Eid's letter dated July 8, 2005 to the Workers' Compensation Board is evidence of Mr. Isabella's continuous treatment with Dr. Eid.[8] This argument should be rejected, as "merely evaluat[ing] plaintiff's condition for the purpose of reporting her status to the Workers' Compensation Board…would not toll the statute of limitations period." *Brecka v. Dolan*, 191 A.D.2d 862 (3d Dep't 1993), *citing Massie v. Crawford*, 78 N.Y.2d 516 (1991). Even assuming the accuracy of plaintiffs' argument that the letter is evidence that treatment "continued until at least October 12, 2005,"[9] under such circumstances the statute of limitations would only have been extended to April 12, 2007 and plaintiffs' commencement of this action on June 26, 2009 was still untimely.

In this regard, it should be noted that plaintiffs' citation to *Richardson v. Orentreich*, 64 N.Y.2d 896 (1985) is of no assistance to them. In *Richardson*, plaintiff last saw Dr. Orentreich on October 8, 1974, and had a scheduled appointment for December 4, 1974. She did not keep the December 1974 appointment and commenced an action against him in November 1977.[10] It is true, as plaintiffs note, that the Court of Appeals determined that the missed appointment was irrelevant and plaintiff's action was timely because both she and Dr. Orentreich anticipated further care and treatment. Here, however, Mr. Isabella has explicitly noted that neither he nor

---

[7]   Milch Dec., Exhibit H.
[8]   10/22/10 Gordon MOL, pp. 4-5.
[9]   *Id.*, p. 5.
[10]  CPLR 214-a was amended in 1975 to provide a two and one-half year statute of limitations in medical, dental and podiatric malpractice actions. The previously applicable three-year statute of limitations therefore governed in *Richardson*.

Dr. Eid anticipated further treatment. In any event, as we noted above, even assuming Dr. Eid's treatment of Mr. Isabella continued through October 2005 this action is still not timely, as the statute of limitations would have expired in April 2007.

Further, in an attempt to extricate himself from his earlier informal judicial admission concerning the outside date for commencement of a timely action against Dr. Eid, plaintiffs' counsel now claims that "counsel did not state that the treatment of Plaintiff, Isabella, was terminated after the December 2004 surgery or even on January 6, 2005. To do so would be erroneous, as treatment was in fact rendered by Dr. Eid and was acknowledged as such by letters supplied by his office signed by Dr. Eid's own hand."[11] This new claim is no more than counsel's desperate attempt to avoid his earlier admission.

Indeed, when plaintiffs' counsel wrote in February 2009 that the statute of limitations was only tolled until "two and one-half years from the subsequent December 2004 operation," he was already well aware of the entirety of Mr. Isabella's treatment with Dr. Eid. Now, however, counsel wishes to distance himself from the limitations of that statement to avoid dismissal of this case. As we noted in our earlier memorandum of law, because the statement by plaintiffs' counsel was made in the course of a former judicial proceeding in opposing a summary judgment motion, it therefore constitutes an informal judicial admission. Prince, Richardson on Evidence § 8-219, at 530 [Farrell, 11th ed.] ("A formal judicial admission in one action may become an admission in the evidentiary sense in another action, and would be classified as an informal judicial admission in the later action."). In fact, as the Appellate Division, First Department noted only last week, such attempts to avoid the statute of limitations by reformulating previous arguments must fail. *Kent v. 534 E. 11th St.*, ___ A.D.3d ___, 2010 NY Slip Op 07697 at *1 (1st Dep't 2010) ("This action reaches us as a result of the plaintiff's attorneys reframing their

---

[11] 10/22/10 Gordon MOL, p. 5.

arguments in a way obviously designed to evade the statute of limitations. This does not salvage plaintiff's complaint....").

*Dr. Eid's Prescription of Vicodin did not Constitute Treatment for Statute of Limitations Purposes*

Plaintiffs next argue that Dr. Eid's isolated prescription of Vicodin in January 2007 sufficed to toll the statute of limitations.[12] This argument is easily dispensed with. As we noted in our original memorandum of law, an isolated prescription for medication is insufficient to establish continuous treatment. *Sanchez v. Orozco*, 178 A.D.2d 391 (1st Dep't 1991). In this regard, plaintiffs cite to *Klotz v. Rabinowitz*, 252 A.D.2d 542 (2d Dep't 1988) for the proposition that return visits to a surgeon complaining of pain suffices to toll the statute of limitations. But plaintiffs here have not adduced any evidence of any return visits to Dr. Eid. Without such return visits there can be no continuous treatment.

And, although plaintiffs claim that "Mr. Isabella's own family doctor, Dr. Weiner, was disinclined to furnish Mr. Isabella with a prescription for [Vicodin]," and further note that Mr. Isabella testified that Dr. Weiner could not have provided pain medication,[13] Mr. Isabella's pharmacy records prove exactly the opposite is true: since December 13, 2004[14] -- <u>before</u> the second surgery with Dr. Eid -- Dr. Weiner has been prescribing Hydrocodone (Vicodin) for plaintiff at least once per month.[15, 16]

---

[12] *Id.*, pp.6-8.
[13] *Id.*, p. 6.
[14] We erroneously noted in our original memorandum of law that Dr. Weiner had been prescribing Vicodin since January 2005. Further review of plaintiff's pharmacy records indicated the prescriptions began in December 2004.
[15] Milch Dec., Exhibit I.
[16] In support of their argument regarding Dr. Eid's prescription of Vicodin, plaintiffs cite to *In re: Rezulin Products Liability Litigation*, 2003 WL 22339176 (S.D.N.Y. 2003). Despite numerous searches in various databases for the quote plaintiffs attribute to this case, no such language could be located. In any event, even the cited case and the references therein merely recapitulate the general rule that there must be a continuous course of treatment to toll the statute of limitations. Because Mr. Isabella did not treat with Dr. Eid at any point after January 2005, there can be no toll.

*PJI 2:149 does not Mandate Denial of Dr. Eid's Motion*

Plaintiffs' final argument appears to be that New York Pattern Jury Instruction 2:149 requires denial of Dr. Eid's motion because the charge indicates that "a prescription may extend the [physician-patient] relationship until the expiration of the prescription."[17] Although that is an accurate recitation of the charge, it is true only where a plaintiff has a continuing relationship with a physician and attends regular visits and receives intermittent prescriptions. *Stilloe v. Contini*, 190 A.D.2d 419 (3d Dep't 1993). A lone, isolated prescription after all treatment has ended, however, does not suffice to toll the statute of limitations. *Sanchez v. Orozco, supra*, 178 A.D.2d at 391.

In any event, there is simply no evidence at all that plaintiff ever returned to Dr. Eid's office or sought further treatment for either his prosthesis or retained reservoir. Plaintiff's own pharmacy records prove to a mathematical certainty that he received all prescriptions for Vicodin from Dr. Weiner, and the only New York physician from whom he received prescriptions was Dr. Laiken. Moreover, Dr. Eid's office records and affidavit establish that Mr. Isabella never returned after the January 6, 2005 surgical follow-up visit, and Mr. Isabella's testimony leaves no doubt that no further treatment was anticipated by either physician or patient. Succinctly, plaintiffs are unable to establish that (i) Dr. Eid provided any treatment at all after January 6, 2005; (ii) even if he did, it was no more than a general continuing physician-patient relationship unrelated to any prior treatment; or (iii) further treatment was anticipated by both Dr. Eid and Mr. Isabella. In fact, Dr. Eid's affidavit demonstrates that he "discharged [plaintiff] from [his] care after the January 6, 2005 visit" and that plaintiff required no further follow-up treatment.[18]

---

[17] 10/22/10 Gordon MOL, p. 8.
[18] Milch Dec., Exhibit C, ¶ 11.

Because they are unable to satisfy any of the criteria necessary for application of the continuous treatment doctrine, plaintiffs' complaint must be dismissed in its entirety.

## CONCLUSION

For all of the foregoing reasons, defendant's summary judgment motion should be granted, and an order should issue dismissing plaintiffs' complaint, together with such other, further and different relief in favor of defendant as the Court deems just and proper.

Dated: New York, New York
October 29, 2010

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

By: _____
Stewart G. Milch (SGM 2533)
Attorneys for Defendant
J. Francois Eid, M.D.
220 East 42nd Street
New York, New York 10017
(212) 697-3122

Of Counsel:
*Jeff Lawton*
*Michael E. Gallay*
*Stewart G. Milch*